**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4259**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

KENDALL T. COHEN,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:09-cr-00160-PMD-1)

———————

Submitted:  March 17, 2015          Decided:  April 7, 2015

———————

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Janis Richardson Hall, Greenville, South Carolina, for
Appellant.  William N. Nettles, United States Attorney, Jimmie
Ewing, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendall T. Cohen appeals his conviction and 120-month sentence imposed following his guilty plea, pursuant to a plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2012). Cohen's attorney filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), raising as a possible issue for review whether the district court committed reversible error when it allegedly failed to comply with Fed. R. Crim. P. 11 when it accepted Cohen's guilty plea. Cohen filed a pro se supplemental brief, in which he repeats counsel's assignment of error, and raises additional assignments of error, including ineffective assistance of counsel claims. And in a supplemental brief filed by counsel, Cohen asserts that: (1) his prior South Carolina felony conviction for assault while resisting arrest is not a "crime of violence" under the Sentencing Guidelines and, thus, his Guidelines range was erroneously calculated; and (2) the district court provided an insufficient explanation for his sentence. Finding no error, we affirm.

First, we conclude that the district court did not err when it accepted Cohen's guilty plea. Because Cohen did not move in the district court to withdraw his plea, we review the guilty plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Cohen

2

must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Henderson v. United States, ___ U.S. ___, 133 S. Ct. 1121, 1126–27 (2013); United States v. Olano, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets this burden by "show[ing] a reasonable probability that, but for the error, he would not have entered the plea." United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009) (internal quotation marks omitted). We have reviewed the transcript of Cohen's guilty plea hearing and conclude that the district court complied with Rule 11, that Cohen's guilty plea was knowing and voluntary, and that there was a factual basis for the plea. Accordingly, we affirm Cohen's conviction.

We also discern no reversible error in the district court's decision to impose a 120-month sentence. Although we review Cohen's sentence for reasonableness, applying an abuse-of-discretion standard, Gall v. United States, 552 U.S. 38, 46 (2007), we review unpreserved non-structural sentencing errors for plain error. United States v. Lynn, 592 F.3d 572, 575–76 (4th Cir. 2010). Our review requires consideration of both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51. We first assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth at 18 U.S.C. § 3553(a) (2012),

3

analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49–51; see Lynn, 592 F.3d at 575–76. If we find no procedural error, we review the sentence for substantive reasonableness, "examin[ing] the totality of the circumstances[.]" United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable" and "[s]uch a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 421 (2014).

We conclude that Cohen's sentence is procedurally and substantively reasonable. The district court correctly calculated Cohen's Guidelines range, listened to counsel's argument, afforded Cohen an opportunity to allocute, and adequately explained its reasons for imposing the 120-month sentence. Thus, we affirm Cohen's sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.[*] We therefore affirm the district court's judgment. This court

---

[*] We have reviewed carefully the issues raised in Cohen's pro se supplemental informal brief and find them to be without merit.

4

requires counsel to inform Cohen, in writing, of the right to petition the Supreme Court of the United States for further review.  If Cohen requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Cohen.  We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5